Johnson, J.
’ The declarations of Tillotson Gray, that the negro was unsound, were, we think, properly rejected. Asoné of the distributees of the intestate’s estate, he was himself, competent to be sworn, to prove the fact, as it operated against his interest, although he would have been incompetent to testify to facts calculated to increase the funds of the estate. Butler v. Cooke, Cowp: 70—2 Salk. 691; and in Jackson v. Tredenburgh, 1 Johns. Rep. 162, it is said he would be the best possible witness. ' They are excluded by another rule. There were other distributees of-this estate, and probably creditors, over whose interest he *39 had no control, and these declarations were calcular ted to affect their interests, also ; and on that ground they were inadmissible.
The case of O'Neall v. Abney, referred to in the report, does not appear to ns, to have any direct bearing on this question. That was an action.against an administrator de bonis non, on a contract made with his predecessor, the first administrator, and it was held that the action could not be maintained, because the contract involved the personal liability of the first administrator only. It does not follow however, that if he had acted bona fide in making the contract, that he \\ ould have been entitled to an indemnity for any loss arising out of it. He had sold a negro to the plaintiff for a sound price, the negro proved to be unsound, and if a recovery had been had against him for the value, doubtless the estate would have been obliged to indemnify him if he had acted without fraud.— We concur also on the last ground of the motion.

Motion dismissed.